**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4750**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

MIGUEL ANGEL URIETA-JAIMES, a/k/a Raul Sanchez,

          Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson. Timothy M. Cain, District Judge. (8:16-cr-00296-TMC-1)

Submitted: July 26, 2018                     Decided: July 30, 2018

Before GREGORY, Chief Judge, FLOYD, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jessica Salvini, SALVINI & BENNETT, LLC, Greenville, South Carolina, for Appellant. Daniel Josev Brewer, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Miguel Angel Urieta-Jaimes pled guilty to possessing with intent to distribute 50 grams or more of a mixture of a substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (2012), and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2012). The district court sentenced Urieta-Jaimes to 157 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious issues for appeal, but questioning whether the district court clearly erred in applying a two-level enhancement because Urieta-Jaimes was an organizer or leader of the conspiracy and whether trial counsel provided ineffective assistance of counsel. Although notified of his right to do so, Urieta-Jaimes has not filed a pro se supplemental brief. We affirm the district court's judgment.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Id.* at 49-51.

If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is

presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

A defendant qualifies for a two-level enhancement to his offense level if he "was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b)." U.S. Sentencing Guidelines Manual § 3B1.1(c) (2016). The district court's determination that a defendant was an organizer or leader is a factual matter reviewed for clear error. *United States v. Thorson*, 633 F.3d 312, 317 (4th Cir. 2011). Here, Urieta-Jaimes' codefendants identified him as the leader of their loosely-defined organization. Urieta-Jaimes was also the main source of supply of controlled substances for the organization. Thus, we conclude that the district court did not clearly err in applying this enhancement.

We discern no other procedural error in this case. The district court allowed Urieta-Jaimes to argue for an appropriate sentence and explained why the § 3553(a) factors supported a within-Guidelines sentence. We further conclude that Urieta-Jaimes has failed to overcome the presumption of reasonableness accorded to his within-Guidelines sentence. Finally, while counsel questions whether trial counsel was ineffective, counsel's ineffectiveness does not appear on the face of the record and thus Urieta-Jaimes should raise this claim, if at all, in a 28 U.S.C. § 2255 (2012) motion. *See United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for review. We therefore affirm the district court's

3

judgment. This court requires that counsel inform Urieta-Jaimes, in writing, of the right to petition the Supreme Court of the United States for further review. If Urieta-Jaimes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Urieta-Jaimes.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*